# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-148V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ENYE MCHUGH, | \* | |
| | \* | |
| Petitioner, | \* | Filed: November 18, 2021 |
| | \* | |
| v. | \* | Entitlement; Decision by Proffer; Damages; |
| SECRETARY OF HEALTH AND | \* | Varicella Vaccine; Varicella Vaccine Strain |
| HUMAN SERVICES | \* | Viral Reactivation Disease |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Peter M. Young*, Habush, Habush, & Rottier, S.C., Wausau, WI, for Petitioner.
*Catherine E. Stolar*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 12, 2020, Enye McHugh ("Petitioner") filed a petition on behalf of her minor child S.M. seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that S.M. developed the Table injury varicella vaccine-strain viral reactivation as a result of the Varicella vaccine he received on August 3, 2018, or in the alternative, that S.M.'s vaccination was the cause-in-fact of his injury. Petition, ECF No. 1.

On October 6, 2020, Respondent filed a Rule 4(c) Report ("Resp't's Report"), stating that "this case is appropriate for compensation under the terms of the Vaccine Act." Resp't's Rep. at

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2, ECF No. 12. Respondent further stated that "Medical personnel at DICP have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for varicella vaccine-strain viral reactivation." *Id.* at 11.

From October 20, 2020 to November 8, 2021, the parties engaged in informal settlement negotiations. *See* ECF Nos. 15, 23, 26, 27, 29, 30, 31 and 32.

Respondent filed a proffer on November 16, 2021 (ECF No. 33), agreeing to issue the following payments:

1. **A Lump Sum**

A lump sum of $1,842.65, which amount represents past unreimbursable expenses related to S.M.'s vaccine-related injury.

2. **An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract in the amount of $40,000.00, as described below:

The Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of S.M. pursuant to which the Life Insurance Company will agree to make payments periodically to S.M. as described in paragraph 11A of the attached Proffer.

These amounts represent all elements of compensation that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ENYE MCHUGH, parent, on behalf of S.M., a minor, | ) ) ) |
| Petitioner, | ) No. 20-148V |
| v. | ) Special Master Oler ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Procedural History**

On February 12, 2020, Enye McHugh ("petitioner") filed a petition for compensation on behalf of S.M., a minor, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that S.M. suffered a varicella vaccine-strain viral reactivation, as defined in the Vaccine Injury Table, following administration of a varicella vaccine on August 3, 2018.  ECF 1 at 1.  On October 6, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a varicella vaccine-strain viral reactivation Table injury.[1]  ECF No. 12.

**II.     Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[1]  A Ruling on Entitlement has not yet been issued by the Court.

1

  A. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to S.M.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,842.65, in the form of a check payable to petitioner. Petitioner agrees.

  B. <u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $40,000.00 to purchase an annuity contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject to the conditions described below, that will provide payments to S.M. as set forth below:

Beginning August 3, 2035, $6,339.84 per year for ten (10) years certain.

---

[2] Should S.M. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

2

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $40,000.00. In the event that the cost of the certain annuity payments set forth above varies from $40,000.00, the annual payment set forth above shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $40,000.00. Should S.M. predecease any of the certain annuity payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.M.'s death.

These amounts represent all elements of compensation to which S.M. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[6]

**III.** **Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursble Expenses:    **$1,842.65**

    B.    An amount of **$40,000.00** to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[6] At the time payment is received, S.M. will be an adult, and thus guardianship is not required.

4

 

/s/*Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Fax: (202) 616-4310
Email: catherine.stolar@usdoj.gov

DATED:   November 16, 2021