# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-148V

| | |
|---|---|
| ENYE McHUGH, parent, on behalf of S.M., a minor, | **UNPUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: July 27, 2022 |
| Respondent. | Final Attorneys' Fees and Costs |

*Peter M. Young*, Habush, Habush & Rottier, S.C., Wausau, WI, for Petitioner
*Catherine E. Stolar*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

On February 12, 2020, Enye McHugh ("Petitioner") filed a petition on behalf of minor S.M., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges S.M. suffered injuries from a varicella vaccine-strain viral reactivation resulting from a Varicella vaccination received on August 3, 2018. Pet. at 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on March 22, 2021. ECF No. 20. Respondent filed a response on April 1, 2021, stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 21. Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for an interim fees and costs award." *Id.* at 2. Petitioner filed an amended Motion for Interim Attorneys' Fees and Costs on April 22, 2021 (hereinafter "Fees Application" or "Fees App."). ECF No. 24. Respondent filed a response of May 6, 2021, again deferring to me to determine whether or not Petitioner has met the legal standard for an interim fees and costs award (hereinafter "Fees Response" or "Fees Resp."). ECF No. 25.

On June 23, 2021, I issued an order deferring ruling on interim attorneys' fees and costs because Petitioner's request was $8,646.74 and Petitioner had not demonstrated any undue hardship or any pertinent circumstances that would warrant granting interim fees and costs. *See* ECF No. 28. I indicated that I would adjudicate Petitioner's motion when I made a determination on final fees. *See id.*

On November 18, 2021, I issued a decision awarding damages to Petitioner. ECF No. 34. Petitioner did not incur any additional expenses between his application for interim fees and the decision awarding damages. Accordingly, my law clerk emailed the parties and informed them that I would consider Petitioner's motion for interim attorneys' fees and costs as a motion for final attorneys' fees and costs. *See* Informal Communication Remark dated July 27, 2022.

This case has concluded thus the pending motion for attorneys' fees and costs must be resolved. I hereby **GRANT** Petitioner's application and award a total of **$8,646.74** in final attorneys' fees and costs.

## I.    Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable

skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Attorneys' Fees

Petitioner requests a total of $7,830.00 in attorneys' fees. Fees App. at 1.

####    i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Peter Young, requests compensation for former attorney Kristin Cafferty an hourly rate of $300.00 for work performed from 2019-2021. Mr. Young also requests an hourly rate of $150.00 for Ms. Cafferty's paralegals, Ms. Richer and Ms. Kim. Ms. Cafferty and her paralegals have previously been awarded their requested rates. *See Harnisch v. Sec'y of Health & Hum. Servs.*, No. 18-1656V, 2021 WL 3913940 (Fed. Cl. Spec. Mstr. Jul. 29, 2021). Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

####    ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Ex. A. I find the hours to be reasonable and award them in full.

Total attorneys' fees to be awarded: **$7,830.00**

### B. Reasonable Costs

Petitioner requests a total of $816.74 in costs, which includes obtaining medical records, legal research, telephone costs, and the Court's filing fee. Fees App., Exs. B, C.

Specifically, Petitioner requests $370.80 for medical records requests, $31.94 for legal research, $14.00 for telephone costs, and $400.00 for the Court's filing fee. Documentation for all medical record requests was provided and will be awarded in full. No documentation was provided

4

regarding Petitioner's requested legal research or telephone costs. As they are reasonable expenditures, I will award them in full.[4] Thus, I award Petitioner's requested costs in full.

Total costs to be awarded: **$816.74**

## II.     Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of final fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

A lump sum in the amount of **$8,646.74**, representing reimbursement of Petitioner's final attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Peter Young.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Petitioner should be aware that failure to provide documentation for all costs will result in deductions in the future.